UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

ALEJANDRA P. CABREJO,

    Plaintiff (s),

v.

ELDERLY HEALTH CARE LLC,
and GLORIA LECARO,
individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Alejandra P. Cabrejo, by and through the undersigned counsel, and hereby sues Defendants Elderly Health Care LLC and Gloria Lecaro, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime hours and retaliation under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff Alejandra P. Cabrejo was a Hillsborough County, Florida, resident within the Honorable Court's jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant Elderly Health Care LLC (hereinafter Elderly Health Care, or Defendant) is a Florida corporation having a place of business in Hillsborough County, Florida. Defendant was and is engaged in interstate commerce.

4. The individual Defendant, Gloria Lecaro, was and is now the owner/partner/officer/and manager of Elderly Health Care. Defendant Gloria Lecaro was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], and she is jointly liable for Plaintiff's damages.

5. All the actions raised in this complaint took place in Hillsborough County, Florida, within this Court's jurisdiction.-

### General Allegations

6. Plaintiff Alejandra P. Cabrejo brings this cause of action as a collective action to recover from the Defendants overtime compensation liquidated damages, costs, and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201

*et seq* (the "FLSA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 30, 2022, (the "material time") without being adequately compensated.

7. Defendant Elderly Health Care is a home healthcare service agency providing daily living assistance, live-in care, companionship, and other healthcare-related services to the elderly and infirm. This third-party home care agency is "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA. Therefore Defendant is an enterprise subjected to FLSA coverage.

8. Defendants Elderly Health Care and Gloria Lecaro employed Plaintiff Alejandra P. Cabrejo as a non-exempted, full-time caregiver from October 30, 2022, to March 25, 2023, or 21 weeks.

9. Plaintiff had a wage rate of $14.00 an hour. She was promised to be paid fairly for all her working hours.

10. Plaintiff was assigned to work as a caregiver for a patient living in her own private residence located at 3307 Naskora Drive, Tampa, Florida 33618.

11. Plaintiff's duties at the private residence consisted of cooking meals, feeding the patient, cleaning, and assisting the patient with daily living activities such as bathing, dressing, grooming, administering medicines, etc.

12. During her employment with Defendant, Plaintiff had a very irregular schedule. She worked from three to five days, any day of the week. Plaintiff worked mostly from 5:30 PM to 8:30 AM (15 hours daily. Every week Plaintiff worked between 45 and 82 hours, depending on the number of days worked.

13. Plaintiff was paid weekly for her working hours at her regular rate of $14.00 an hour.

14. Every week Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours, as required by law.

15. Plaintiff signed timesheets at her workplace, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C.

207(a)(1).

17. Plaintiff was paid weekly by Zelle without paystubs or any records providing information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

18. On or about March 15, 2023, Plaintiff complained to Gloria Lecaro. Plaintiff requested to be paid for overtime hours.

19. After Plaintiff's complaint, Defendant reduced her working hours to 30 hours per week.

20. Finally, on or about March 25, 2023, Defendant fired Plaintiff alleging pretextual reasons.

21. Plaintiff Alejandra P. Cabrejo seeks to recover unpaid overtime wages accumulated during her employment period with Defendants, plus retaliatory damages, liquidated damages, and any other relief allowable by law.

Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for overtime hours every at the rate of time and one-half their regular rate.

24. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime hours at the rate of time and one-half their regular rate of pay for every hour worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

25. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-24 above as set out in full herein.

26. This cause of action is brought by Plaintiff Alejandra P. Cabrejo as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after October 2022,

(the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

27. Defendant Elderly Health Care was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is a home healthcare service agency that provides healthcare services to the elderly and infirm. This home healthcare service agency is "primarily engaged in the care of the sick, the aged, or the mentally ill." Therefore, there is enterprise coverage.

28. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated worked as a caregiver of "the sick, the aged, or the mentally ill." Therefore, there is enterprise individual coverage.

29. For the reasons stated above, Defendant Elderly Health Care must comply with the minimum wage and overtime requirements of the FLSA.

30. Defendants Elderly Health Care and Gloria Lecaro employed Plaintiff Alejandra P. Cabrejo as a non-exempted, full-time caregiver from October 30, 2022, to March 25, 2023, or 21 weeks.

31. Plaintiff had a wage rate of $14.00 an hour

32. Plaintiff was assigned to work as a caregiver for a patient living in her

own private residence located at 3307 Naskora Drive, Tampa, Florida 33618.

33. During her employment with Defendant, Plaintiff had a very irregular schedule. She worked from three to five days on the night shift, any day of the week. Plaintiff worked mostly from 5:30 PM to 8:30 AM (15 hours daily). Every week Plaintiff worked between 45 and 82 hours, depending on the number of days worked.

34. Plaintiff was paid weekly for her working hours at her regular rate of $14.00 an hour.

35. Every week Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours, as required by law.

36. Plaintiff signed timesheets at her workplace, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

37. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. Plaintiff was paid weekly by Zelle without paystubs or any records

providing information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

39. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the Defendants' possession and custody. However, the Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

40. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

42. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

43. Plaintiff is not in possession of time and payment records, but she will provide a good-faith Statement of Claim soon.

44. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendants

to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

45. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

46. At times mentioned, Defendant Gloria Lecaro was the owner/partner and operated Elderly Health Care. Defendant Gloria Lecaro was the employer of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in Elderly Health Care's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Gloria Lecaro had absolute financial and operational control of the Corporation, determining the terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

47. Defendants Elderly Health Care and Gloria Lecaro willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

48. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable Attorneys' fee.

## Prayer for Relief

Wherefore, Plaintiff Alejandra P. Cabrejo and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Alejandra P. Cabrejo and other similarly situated individuals and against the Defendants Elderly Health Care and Gloria Lecaro, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff Alejandra P. Cabrejo actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

 C. Award Plaintiff an equal amount in double damages/liquidated damages; and

 D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

 E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff A Alejandra P. Cabrejo demands trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

49. Plaintiff Alejandra P. Cabrejo re-adopts every factual allegation stated in paragraphs 1-24 of this complaint as if set out in full herein.

50. Defendant Elderly Health Care was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is a home healthcare service agency that provides healthcare services to the elderly and infirm. This home healthcare service agency is "primarily engaged in the care of the sick, the aged, or the mentally ill." Therefore, there is enterprise coverage.

51. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those

similarly situated worked as a caregiver of "the sick, the aged, or the mentally ill." Therefore, there is enterprise individual coverage.

52. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

53. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

54. Likewise, 29 U.S.C. 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

55. Defendants Elderly Health Care and Gloria Lecaro employed Plaintiff Alejandra P. Cabrejo as a non-exempted, full-time caregiver from October 30, 2022, to March 25, 2023, or 21 weeks.

56. Plaintiff had a wage rate of $14.00 an hour.

57. Plaintiff was assigned to work as a caregiver for a patient living in her own private residence located at 3307 Naskora Drive, Tampa, Florida

33618.

58. During her employment with Defendant, Plaintiff had a very irregular schedule. She worked from three to five days the night shift, any day of the week, between 45 and 82 hours, depending on the number of days worked.

59. Plaintiff was paid weekly for her working hours at her regular rate of $14.00 an hour.

60. Every week Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours, as required by law.

61. Plaintiff signed timesheets at her workplace, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

62. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

63. Plaintiff was paid weekly by Zelle without paystubs or any records providing information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

64. On or about March 15, 2023, Plaintiff complained to Gloria Lecaro. Plaintiff requested to be paid for overtime hours.

65. This complaint constituted protected activity under 29 U.S.C. 215(a)(3)

66. However, after Plaintiff's complaint, Defendant reduced her working hours to 30 weekly.

67. Finally, on or about March 25, 2023, Defendant fired Plaintiff alleging pretextual reasons.

68. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful retaliatory employment action to discharge Plaintiff.

69. The termination of Plaintiff Alejandra P. Cabrejo by the Defendants was directly and proximately caused by the Defendants' unjustified retaliation against Plaintiff because she complained about the lack of overtime payment, in violation of Federal Law.

70. At times mentioned, Defendant Gloria Lecaro was the owner/partner and operated Elderly Health Care. Defendant Gloria Lecaro was the employer of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in Elderly

Health Care's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Gloria Lecaro had absolute financial and operational control of the Corporation, determining the terms and working conditions of Plaintiff and other similarly situated employees. She is jointly and severally liable for Plaintiff's damages.

71. Defendants Elderly Health Care and Gloria Lecaro willfully and maliciously retaliated against Plaintiff Alejandra P. Cabrejo by engaging in a retaliatory action materially adverse to a reasonable employee and with the purpose of dissuading Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

72. The motivating factor which caused Plaintiff Alejandra P. Cabrejo to be fired from the business, as described above, was her complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been fired but for her complaints about overtime wages.

73. Defendants' discharge of Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

74. Plaintiff Alejandra P. Cabrejo has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorney's fees and costs.

PRAYER FOR RELIEF

Wherefore, Plaintiff Alejandra P. Cabrejo respectfully requests that this Honorable Court:

A. Enter judgment declaring that the constructive discharge of Plaintiff Alejandra P. Cabrejo by Defendants Elderly Health Care and Gloria Lecaro was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants Elderly Health Care and Gloria Lecaro, awarding Plaintiff Alejandra P. Cabrejo liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

Demand for a Jury Trial

Plaintiff Alejandra P. Cabrejo demands trial by a jury of all issues triable as of right by a jury.

Date: March 31, 2023,

                                          Respectfully submitted,

                                          By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:   (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*