UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEJANDRA P. CABREJO,

    Plaintiff,

v.                                                Case No. 8:23-cv-715-KKM-AEP

ELDERLY HEALTH CARE LLC,
and GLORIA LECARO,
individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon the parties' Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice (Doc. 20). By the motion, the parties request that the Court approve the parties' proposed settlement of the Fair Labor Standards Act ("FLSA") claims in this case and dismiss the case with prejudice. A claim brought pursuant to the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id*. To approve the settlement, the district court must determine whether

the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id*. at 1355.

In suits brought by employees under the FLSA for back wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted). Here, Plaintiff initiated this action asserting claims against Defendants pursuant to the FLSA for unpaid overtime wages violations and a claim of retaliatory discharge (Doc. 1). Plaintiff alleged that she worked for Defendants as a full-time caregiver from October 30, 2022, to March 25, 2023 (Doc. 1, at ¶ 8). According to Plaintiff, she was not paid overtime wages and, after complaining to Defendant Gloria Lecaro, was fired for pretextual reasons (Doc. 1, at ¶¶ 16, 18, 20).

In an effort to resolve the litigation, Defendants agreed to a settlement, and the parties subsequently submitted the proposed "Settlement Agreement" for review (Doc. 20, Ex. A). Within the proposed Settlement Agreement, Defendants agree to pay

Plaintiff a total of $7,400, of which $1,450 is for unpaid wages, $1,450 is for liquidated damages, and $4,500 is for attorney's fees, which fees were negotiated independent of Plaintiff's unpaid wages and liquidated damages (Doc. 20, at 5).

Upon review of the proposed settlement agreement, therefore, the undersigned finds that the settlement agreement is a fair and reasonable resolution of the parties' dispute regarding Plaintiff's claims. *See Lynn's Food*, 679 F.2d at 1353-55. Accordingly, after consideration, it is hereby

RECOMMENDED:

1. The parties' Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice (Doc. 20) be GRANTED, to specifically include the parties' request that the Court retain jurisdiction over the lawsuit until the 21-day payment plan is completed.

2. The Settlement Agreement (Doc. 20, Ex. A) be accepted, adopted, and approved by the Court, and the parties be ordered to comply with the terms of the settlement agreement.

3. This action be DISMISSED WITH PREJUDICE.

4. The Clerk be directed to terminate all pending deadlines and to close the case.

IT IS SO REPORTED in Tampa, Florida, on this 2nd day of June, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:   Hon. Kathryn Kimball Mizelle
      Counsel of Record